AUSTIN KNUDSEN
Montana Attorney General
CHRISTIAN B. CORRIGAN
*Solicitor General*
PETER M. TORSTENSEN, JR.
*Deputy Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| FREE SPEECH COALITION, INC.; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; JFF PUBLICATIONS, LLC; ANNA LOUISE PETERSON; LYNSEY GRISWOLD ; PHE, INC.; AND CONVERGENCE HOLDINGS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana<br><br>*Defendant*. | Case No. 9:24-cv-00067-DWM<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Austin Knudsen, in his official capacity as Attorney General of the State of Montana, submits this Answer to Plaintiffs' Complaint and Demand for Jury Trial ("Compl."), *see* ECF No. 1, *Free Speech Coal., Inc., et al.*, *v. Austin Knudsen*, Case No. 9:24-cv-00067-DWM. In numbered paragraphs corresponding to those in the Complaint, Defendant responds as follows:

## INTRODUCTION

1. To the extent that Paragraph 1 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required. Defendant lacks knowledge or information sufficient to admit or deny the allegation that Montana Senate Bill 544 ("SB544") "places substantial burdens on Plaintiff website operators, content creators, and countless others who use the internet by requiring websites to age-verify every internet user before providing access to non-obscene material that meets the State's murky definition of 'material harmful to minors.'" The remaining portions of Paragraph 1 purport to characterize SB544, which speaks for itself and is the best evidence of its contents; therefore no response is required to those remaining portions of Paragraph 1.

2. Paragraph 2 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

3. Paragraph 3 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

4. Paragraph 4 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

5. Paragraph 5 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

6. Paragraph 6 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

7. The allegations in Paragraph 7 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent Paragraph 7 purports to characterize the U.S. Supreme Court's decisions in *Reno v. ACLU*, 521 U.S. 844 (1997) and *Ashcroft v. ACLU*,

542 U.S. 656 (2004), and the various federal appellate and district court decisions cited in footnote 1, *see* Compl. ¶7, n.1, those decisions speak for themselves and therefore are the best evidence of their content, so no response is required. To the extent a response is required, denied.

8. Plaintiffs' characterization of SB544 as a law falling within a "long legacy of constitutional invalidity" is a conclusion of law and/or argument of counsel, to which no response is required. To the extent a response is required, Defendant admits that the Montana Legislature passed, and the Governor of Montana signed into law, SB544 in May 2023, which became effective on January 1, 2024. Defendant lacks knowledge or information sufficient to admit or deny the allegation that SB544 has placed "providers (including Plaintiffs) … in the untenable position of abiding by its terms and enduring the constitutional infringement, or violating them and risking ruinous liability."

9. The allegations in Paragraph 9 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

11. The allegations in Paragraph 11 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

## PARTIES

### I. Plaintiffs

12. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 12. The allegation in Paragraph 12 that "[m]ost of that material"—"constitutionally-protected and non-obscene materials that are disseminated to consenting adults via the internet"—"would fit within Montana's statutory definition of 'material harmful to minors'" is a conclusion of law to which no response is required. To the extent a response is required, denied.

13. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 13.

14. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 14.

15. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 15.

16. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 16.

17. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 17. The allegation in Paragraph 17 that "[o]n webcam sites OnlyFans and SextPanther, much of Pfeuffer's content meets the statutory definition of 'material harmful to minors'" is a conclusion of law to which no response is required. To the extent a response is required, denied.

18. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 18.

19. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 19.

20. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 20.

21. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 21.

22. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 22.

23. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 23.

24. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 24.

25. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 25.

26. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 26.

27. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 27.

28. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 28.

29. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 29.

30. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 30.

31. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 31.

32. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 32.

33. The allegation in Paragraph 33 that Convergence cannot "be subject to an enforcement action" because it "does not own or operate the subdomains for its franchise stores" and thus "[t]his affirmative challenge is the *only* means by which it can act to vindicate its constitutional rights" is a conclusion of law to which no response is required. To the extent a response is required, denied. To the extent Paragraph 33 purports to characterize the U.S. Supreme Court's decision in *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 537 (2021), that decision speaks for itself and therefore is the best evidence of its contents; so no response is required. To the extent the allegations in Paragraph 33 contain other conclusions of law and/or arguments of counsel, no response is required. To the extent a response is required, denied. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 33.

34. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 34.

**II. Defendant**

35. Defendant admits that Austin Knudsen is the Attorney General of Montana, which is the head of the Montana Department of Justice. To the extent Paragraph 35 contains conclusions of law and/or arguments of counsel, no response is required. To the extent Paragraph 35 purports to characterize the contents of Mont. Const. art. VI, §4(4) and Mont. Code Ann, §2-15-501, which speak for themselves and are therefore the best evidence of their contents, no response is required. To the extent Paragraph 35, footnote 2, *see* Compl. ¶35 n.2, purports to characterize the district court decision in *Imperial Sovereign Ct. v. Knudsen*, 2023 WL 6794043, at *5 (D. Mont. Oct. 13, 2023), that decision speaks for itself and thus is the best evidence of its content, so no response is required.

36. To the extent Paragraph 36 contains conclusions of law and/or arguments of counsel, no response is required. To the extent Paragraph 36 purports to characterize the contents of Mont. Code Ann. §§2-15-2001; 30-14-101, *et seq.*; 30-14-159; and 30-14-114, which speak for themselves

and are therefore the best evidence of their contents, no response is required.

37. To the extent Paragraph 37 contains conclusions of law and/or arguments of counsel, no response is required. To the extent Paragraph 37 purports to characterize the contents of Mont. Code Ann. §§30-14-103 and 30-14-111, which speak for themselves and are therefore the best evidence of their contents, no response is required. To the extent Paragraph 37, footnote 3, *see* Compl. ¶37 n.3, purports to characterize the district court decision in *Haskett v. Am. Home Ctrs., LLC*, 636 F. Supp.3d 1187, 1193 (D. Mont. 2022), that decision speaks for itself and thus is the best evidence of its content, so no response is required.

38. To the extent Paragraph 38 purports to characterize the contents of Mont. Code Ann. §30-14-159(6), which speaks for itself and is therefore the best evidence of its contents, no response is required.

39. The allegations in Paragraph 39 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response may be deemed required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## FACTUAL ALLEGATIONS

### I. Communication Over the Internet

40. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 40.

41. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 41.

42. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 42. To the extent Paragraph 42 purports to characterize the U.S. Supreme Court's decision in *Reno v. ACLU*, 521 U.S. 844 (1997), that decision speaks for itself and is therefore the best evidence of its contents, no response is required.

43. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 43.

44. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 44.

### II. The Act

45. Defendant admits that in May 2023 the Montana Legislature passed SB544 and the Governor of Montana signed SB544 into law. Defendant admits that SB544 is codified at Mont. Code Ann. §30-14-159,

with an effective date of January 1, 2024. To the extent that Paragraph 45 purports to transcribe the text of SB544, which speaks for itself and is the best evidence of its contents, no response is required.

**III. The Impact of the Act**

46. Paragraph 46 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

**A. The Ineffectiveness of the Act and the Effectiveness of Alternative Means**

47. Paragraph 47 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

48. Paragraph 48 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, so no response is required. To the extent a response is required, denied.

49. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 49.

50. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 50.

51. Paragraph 51 purports to characterize the U.S. Supreme Court's decision in *Ashcroft v. ACLU*, 542 U.S. 656, 666 (2002), which speaks for itself and therefore is the best evidence of its contents; therefore no response is required.

**B. The Impact on Older Minors**

52. The allegations in Paragraph 52 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent Paragraph 52 purports to characterize the U.S. Supreme Court's decision in *Ginsberg v. New York*, 390 U.S. 629 (1968), that decision speaks for itself and is therefore the best evidence of its contents, so no response is required.

53. To the extent that Paragraph 53 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

54. To the extent that Paragraph 54 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

55. To the extent that Paragraph 55 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

**C. The Impact on All Minors**

56. To the extent that Paragraph 56 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

**D. The Impact on Adults**

57. To the extent that Paragraph 57 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

**E. The Impact on Non-Pornographic Websites**

58. To the extent that Paragraph 58 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58 related to the alleged burden that "an age-verification content wall" places on operators of "*non*-pornographic websites." To the extent Paragraph 58 purports to characterize the U.S.

Supreme Court's decisions in *Wooley v. Maynard*, 430 U.S. 705 (1977) and *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, Inc.*, 515 U.S. 557 (1995), those decisions speak for themselves and are therefore the best evidence of their contents, so no response is required.

**F. Vagueness and Overbreadth**

59. To the extent that Paragraph 59 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

60. To the extent that Paragraph 60 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

61. To the extent that Paragraph 61 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

62. To the extent that Paragraph 62 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

63. To the extent that Paragraph 63 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

64. To the extent that Paragraph 64 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

65. To the extent that Paragraph 65 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

66. To the extent that Paragraph 66 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

**G. The Prior Restraint (and Statutory Severability)**

67. To the extent that Paragraph 67 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

68. To the extent that Paragraph 68 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

To the extent Paragraph 68 purports to characterize the U.S. Supreme Court's decision in *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963), that decision speaks for itself and is therefore the best evidence of its contents, so no response is required.

69. To the extent that Paragraph 69 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

70. To the extent that Paragraph 70 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

71. To the extent that Paragraph 71 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied. To the extent Paragraph 71 purports to characterize Mont. Code Ann. §30-14-159(7)(h)(i), (ii), which speaks for itself and is therefore the best evidence of its contents, no response is required.

72. To the extent that Paragraph 72 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required. To the extent Paragraph 72 purports to

characterize *Sam Francis Found'n v. Christies, Inc.*, 784 F.3d 1320, 1325 (9th Cir. 2015); *State v. Theeler*, 385 Mont. 471, 474 (2016); *Williams v. Bd. of Cnty. Comm'rs of Missoula Cnty.*, 371 Mont. 356, 376 (2013); and *Mont. Citizens for Right to Work v. Mangan*, 580 F. Supp. 3d 911, 922 (D. Mont. 2022), which speak for themselves and are therefore the best evidence of their contents, no response is required.

73. To the extent that Paragraph 73 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

### H. The Exception for "News-Gathering" Organizations

74. To the extent that Paragraph 74 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied. To the extent Paragraph 74 purports to characterize the contents of SB544, which speaks for itself and is therefore the best evidence of its contents, no response is required.

75. To the extent that Paragraph 75 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

**I. The Invasion of Privacy Interests**

76. To the extent that Paragraph 76 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied. To the extent Paragraph 76 seeks to characterize the U.S. Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003), that decision speaks for itself and is the best evidence of its contents, so no response is required.

77. To the extent that Paragraph 77 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

**J. The Burden on Interstate and Foreign Commerce**

78. To the extent that Paragraph 78 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

79. To the extent that Paragraph 79 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

80. Defendant admits that the states listed in Paragraph 80—Louisiana, Utah, Mississippi, Virginia, Arkansas, and Texas—have imposed age-verification requirements. But to the extent Paragraph 80 seeks to characterize the contents of those laws, the text of those laws speak for themselves and are the best evidence of their content, so no response is required. The remaining allegations in Paragraph 80 contain Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

**K. The Express Conflict with Federal Statutory Law**

81. Paragraph 81 purports to characterize the content of Section 230 of the Communications Decency Act, codified at 47 U.S.C. §230(f)(2), which speaks for itself and is the best evidence of its contents; therefore no response is required.

82. To the extent that Paragraph 82 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied. To the extent Paragraph 82 seeks to characterize the contents of 47 U.S.C. §230(f)(2), (3), which speaks for itself and is therefore the best

evidence of its contents, no response is required. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 82.

83. To the extent that Paragraph 83 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied. To the extent Paragraph 82 seeks to characterize the contents of Art. VI, cl.2 of the U.S. Constitution and 47 U.S.C. §230(e)(3), which speak for themselves and are the best evidence of their content, no response is required.

**L. The Need for, and Nature of, the Injunctive Relief Sought**

84. To the extent that Paragraph 84 contains Plaintiffs' characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 84.

85. The allegations in Paragraph 85 contain conclusions of law and/or arguments of counsel, to which no response is required. To the

extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## CLAIMS FOR RELIEF

### Count 1: Violation of Free Speech Rights Secured Under the First and Fourteenth Amendments of the United States Constitution

86. Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

87. The allegations in Paragraph 87 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

88. The allegations in Paragraph 88 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

89. The allegations in Paragraph 89 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

90. The allegations in Paragraph 90 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## Count 2: Violation of the Due Process and Equal Protection Rights Secured Under the Fourteenth Amendment of the United States Constitution

91. Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

92. The allegations in Paragraph 92 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

93. The allegations in Paragraph 93 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

94. The allegations in Paragraph 94 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

95. The allegations in Paragraph 95 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## Count 3: Violation of the Commerce Clause of the United States Constitution

96. Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

97. The allegations in Paragraph 97 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied. The district court dismissed Plaintiffs' claim for relief under the Commerce Clause. *See* ECF No. 22, Opinion & Order, *Free Speech Coal., Inc., et al.*, *v. Austin Knudsen*, Case No. 9:24-cv-00067-DWM, at 41 (D. Mont. Oct. 22, 2014).

98. The allegations in Paragraph 98 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## Count 4: Violation of the Supremacy Clause of the United States Constitution and Section 230 of Title 47, United States Code

99. Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

100. The allegations in Paragraph 100 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the

extent a response is required, denied. To the extent Paragraph 100 seeks to characterize the contents of 47 U.S.C. §230, which speaks for itself and is the best evidence of its content, no response is required.

101. The allegations in Paragraph 101 purport to characterize Art. VI, cl.2 of the U.S. Constitution (the Supremacy Clause), which speaks for itself and is the best evidence of its contents; therefore, no response is required. To the extent the allegations in Paragraph 101 constitute conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.

102. The allegations in Paragraph 102 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

**Count 5: Declaratory Judgment Act**

103. Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

104. The allegations in Paragraph 104 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

105. The allegations in Paragraph 105 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

106. The allegations in Paragraph 106 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

107. The allegations in Paragraph 107 contain conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## REQUESTED RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Defendant denies that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Defendant denies every allegation in the Complaint not expressly admitted above, including any for which Defendant deemed no response to be required (should the Court determine otherwise).

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Defendant reserves the right to further amend these pleadings to add such further affirmative defenses as discovery and development of the case may disclose:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs lack standing.

WHEREFORE, Defendant Austin Knudsen, in his official capacity as Montana Attorney General prays for the following relief:

1. That Plaintiffs take nothing by its Complaint;

2. For Judgment for Defendant on all counts of Plaintiffs' Complaint;

3. For costs of suit and attorneys' fee as allowed by law;

4. For any other relief the Court deems just and proper.

DATED this 4th day of November, 2024.

AUSTIN KNUDSEN
Montana Attorney General

CHRISTIAN B. CORRIGAN
*Solicitor General*

*/s/Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.
*Deputy Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
christian.corrigan@mt.gov
peter.torstensen@mt.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: November 4, 2024

/s/ *Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.