AUSTIN KNUDSEN
  *Montana Attorney General*
CHRISTIAN B. CORRIGAN
  *Solicitor General*
PETER M. TORSTENSEN, JR.
  *Deputy Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| FREE SPEECH COALITION, INC.; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; JFF PUBLICATIONS, LLC; ANNA LOUISE PETERSON; LYNSEY GRISWOLD ; PHE, INC.; AND CONVERGENCE HOLDINGS, INC., *Plaintiffs*, v. AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana *Defendant.* | Case No. 9:24-cv-00067-DWM **DEFENDANT'S PRELIMINARY PRETRIAL STATEMENT** |

Defendant Austin Knudsen, on behalf of the State of Montana, submits this Preliminary Pretrial Statement under L.R. 16(2)(b)(1).

## BACKGROUND

In May 2023, the Montana's legislature passed, and Governor Gianforte signed into law, Montana Senate Bill 544 ("SB544"). Codified at Mont. Code Ann. §30-14-159, the law became effective on January 1, 2024. SB544 works to combat concerns over the corroding influence of pornography on minors. The law imposes a limited and sensible obligation only on commercial entities that knowingly and intentionally publish or distribute material harmful to minors from a website that contains more than one-third of such material. The law requires these commercial entities to take reasonable steps to ensure that those seeking access to their age-restricted content are, in fact, of age. SB544 does not prohibit performing in, producing, or publishing online pornography, nor does it prevent adults from accessing it. Its restrictions track *in haec verba* the definition of obscenity that the Supreme Court has found excluded from First Amendment protection. And SB544 prohibits those performing the age verification from retaining any identifying information of the individual seeking access. §1(2).

Montana has long prohibited distributing obscene material to minors, Mont. Code Ann. §45-8-206, and the Montana legislature reaffirmed the reason for this prohibition in passing SB544, finding that easy exposure to pornography "contributes to the hypersexualization of teens," "low self-esteem, body image disorders," "problematic sexual behaviors", "reduced brain functioning and development," "emotional and medical illnesses," and difficulty forming or maintaining positive, intimate relationships."

Plaintiffs—a nonprofit trade association and several individuals and entities—sued to challenge SB544. ECF No. 1. Collectively, they argue that SB544 violates the First Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Commerce Clause, and the Supremacy Clause. *Id.* ¶¶86-102. Montana moved to dismiss Plaintiffs' Complaint, *see* ECF Nos. 17-18, and the district court granted Montana's motion as to Plaintiffs' Commerce Clause claim but otherwise denied it, *see* ECF No. 22.

**I. Jurisdiction and Venue**

Defendant does not contest venue in this matter.

The Court's subject matter jurisdiction is limited to cases or

controversies under Article III. Defendant raised as an affirmative defense that Plaintiffs lack standing and intends to reserve jurisdictional defenses based on further discovery.

## II. Overview of Likely Defenses to Claims

Assuming the Court adopts the parties' joint discovery proposal, Defendant's likely defenses will be limited to Sections II.A-C, F. In the interest of completeness, however, Defendant sets forth below the factual and legal bases of all of the likely defenses that he will raise to Plaintiffs claims in case the Court rejects the parties joint discovery proposal:

### A. Plaintiffs lack standing.

Although Defendant does not bear the burden to negate standing, Defendant reserves the right to argue standing as an affirmative defense, as raised in Defendant's Answer. Defendant intends to seek discovery about Plaintiffs' alleged injuries resulting from SB544, including the existence of any burden that SB544 imposes on Plaintiffs.

### B. SB544 is a valid exercise of Montana's police powers.

SB544 requires commercial entities to take reasonable steps to verify that those seeking access to their age-restricted content are, in fact, of age because of the harm resulting to minors from easy access to pornographic material. Montana's legislature found that that ready exposure

to pornography "contributes to the hypersexualization of teens," "low self-esteem, body image disorders," "problematic sexual behaviors", "reduced brain functioning and development," "emotional and medical illnesses," and "difficulty forming or maintaining positive, intimate relationships." Given these concerns, Montana can exercise its plenary police power through SB544. Although the Court determined at the motion to dismiss stage that SB544 is subject to a First-Amendment heightened scrutiny analysis, *see* ECF 22, at 14, 16, Defendant reasserts the argument that SB544 is not subject to First Amendment scrutiny to preserve it throughout the litigation.

### C. SB544 doesn't violate Plaintiffs' First Amendment rights (Count 1).

Again, although the Court found that SB544 implicates the First Amendment and strict scrutiny applies, Defendant reasserts and preserves throughout this litigation its argument that SB544 does not trigger the First Amendment and, even if it did, rational basis review applies. SB544 does not prohibit Plaintiffs or anyone else from performing in, producing, or publishing online pornography, nor does it prohibit anyone from accessing it. It merely requires commercial entities that publish or distribute online pornography, or similar content, to take reasonable

steps to verify the age of their customers before displaying content that is materially harmful to minors in order to limit that material to adults. SB544 allows the entity to choose among age-verification methods. §1(7)(g)(i)-(ii).

Even if strict scrutiny applies, SB544 survives review because it is narrowly tailored to promote a compelling state interest. This Court found in its October 22 Order that protecting the physical and psychological well-being of minors is a compelling state interest. ECF 22, at 20 (quoting *Sable Comms. v. FCC*, 492 U.S. 115, 126 (1989). SB544 is narrowly tailored to this compelling interest in protecting minors from online pornography. SB544 limits minors' access to online pornography, and it doesn't prohibit any speech. It only requires the Business Plaintiffs to check their customers' ages before providing access to age-restricted materials, addressing the secondary effects of the content rather than limiting the content itself. Age-verification can be done at extremely low cost, and it cannot be replaced by less-restrictive regulation that will adequately advance Montana's interest. SB544 is aimed, not at websites with only an incidental amount of material harmful to minors, but at websites whose business model is driven by the publication and

distribution of that material. *See* §1(1) (applies to "website that contains a substantial portion of the material"); §1(7)(i) (defines "substantial portion" as more than one-third of "total material on a website"). Age-verification is a familiar technology for many of these sophisticated entities offering age-restricted products. SB544 doesn't cut off any avenues for the Business Plaintiffs to communicate their message, it just requires them to ensure that those accessing their content are adults and to protect the privacy of their customers by prohibiting them from storing customer data. §1(1), (2).

### D. SB544 doesn't violate Plaintiffs' due process or equal protection rights (Count 2).

In the parties' joint discovery plan, Plaintiffs' have agreed to voluntarily dismiss these claims in exchange for Defendant's stipulations of non-enforcement during the pendency of this case. Even so, Defendant includes the summary of his position below in the event the Court rejects the parties' joint proposal.

Although the Court held in its October 22 Order that Plaintiffs have standing for their substantive due process claim, allege a fundamental liberty interest, and adequately pled a procedural due process claim, Defendant reasserts the arguments to the contrary to preserve them

throughout the litigation. SB544 does not deprive Plaintiffs of life, liberty or property. It does not intrude into "the private sexual conduct and proclivities of adults," even if such were deemed a fundamental right (ECF 1, at 44), because SB544 does not prevent any adults from viewing, accessing, performing in, producing, or publishing online pornography. In addition, any purported deprivation is justified because SB544, as explained above, is narrowly tailored and is the least restrictive means of furthering the State's interest in protecting minors from online pornography. Moreover, SB544 is not vague but rather provides fair notice of what conduct the statute requires and forbids. Even if the language is ultimately deemed "imprecise," it is certainly "comprehensive normative standard," *Robles v. Domino's Pizza, LLC*, 913 F.3d 896, 906 (9th Cir. 2019), particularly as a commercial statute that does not impose criminal liability. As to Plaintiffs' equal protection claim, they will fail to show that SB544 treats any similarly situated groups differently.

### E. SB544 doesn't violate the Plaintiff's Commerce Clause rights (Count 3).

The Court dismissed Plaintiffs' Commerce Clause claim (Count 3). *See* ECF 22.

**F. SB544 isn't preempted by federal law (Count 4).**

Although the Court held in its October 22 Order that Plaintiffs adequately pleaded a claim that 47 U.S.C. §230 preempts SB544 under the supremacy clause, Defendant reasserts the arguments to the contrary to preserve them throughout the litigation. SB544 does not conflict with Section 230, as the federal law does not immunize website creators and operators from liability for its own content—only that posted by third parties. SB544 thus complements Section 230, imposing liability only on commercial entities that publish or distribute covered content themselves (not merely as passive conduits, which Section 230 addresses) without performing reasonable age-verification methods.

**G. Defenses set forth in pleading.**

*1. Failure to state a claim.*

For the reasons previously stated, Plaintiffs' claims fail as a matter of law.

*2. Plaintiffs lack standing.*

As explained above, Defendant reserves the right to raise standing pending discovery of Plaintiffs.

**III. Computation of Damages**

Plaintiffs seek only injunctive and declaratory relief in this case and

therefore do not have damages to calculate. Defendant denies that Plaintiffs have suffered any damages.

## IV. Pendency of Related State or Federal Litigation

To Defendant's knowledge, there is no other federal or state lawsuit challenging the constitutionality of SB544.

## V. Proposed Stipulations of Fact and Law

Defendant refers the Court to the separately submitted list of jointly stipulated facts by Plaintiffs and incorporates that list here.

Defendant separately requests the following stipulated facts or points of law:

1. The Individual Plaintiffs are not "commercial entities" as defined by SB544.

2. The age verification required by SB544 imposes little to no cost on the Plaintiffs.

At this stage, Defendant is unwilling to stipulate to additional facts or points of law pending availability of discovery and investigation into the Plaintiffs' alleged harms from SB544 and whether SB544 serves the purpose of Defendant's compelling interest in protecting minors from online pornography.

## VI. Proposed Deadlines for Joinder of Parties or Amendment of Pleadings

As set out in the parties' joint discovery plan, Defendant proposes that the deadline for joinder of parties or amendment of pleadings be set for 30 days after the pretrial conference, or February 24, 2025.

## VII. Identifications of Controlling Issues of Law Suitable for Pretrial Disposition

Consistent with Defendant's previous statements on claims and defenses, and with the Court's October 22 Order, *see* ECF 22, the adjudication of Plaintiffs' claims depends on the resolution of factual disputes, including disputes about whether and how the Plaintiffs are harmed by SB544, whether a "less restrictive alternative" to SB544 would be less effective, and whether SB544 serves the purpose of Defendant's compelling interest in protecting the well-being of minors.

## VIII. The Name and Residence of Individuals with Information about Claims or Defenses

| | |
|---|---|
| Free Speech Coalition, Inc. | c/o Boone Karlberg P.C. |
| Deep Connection Technologies, Inc. | c/o Boone Karlberg P.C. |
| Charyn Pfeuffer | c/o Boone Karlberg P.C. |
| JFF Publications, LLC | c/o Boone Karlberg P.C. |
| Dominic Ford | Unknown |
| Anna Louise Peterson | c/o Boone Karlberg P.C. |
| Lynsey Griswold | c/o Boone Karlberg P.C. |
| PHE, Inc. | c/o Boone Karlberg P.C. |
| Convergence Holdings, Inc. | c/o Boone Karlberg P.C. |
| 9219-1568 Quebec, Inc. d/b/a Aylo or MindGeek | 6975 Décarie Blvd., Suite 601<br>Montreal, Quebec, Canada H3W 0B6 |
| Gamma Entertainment, Inc. | 3300 Boul. De La Cote Vertu, Suite 406<br>Montreal, Quebec, Canada H4R 2B7 |
| Montana Legislative Services Division | Contact through counsel |
| David Ortley, Deputy Attorney General | Contact through counsel |

Witnesses regarding FSC's organizational policies and activities.

Witnesses regarding the Individual and Business Plaintiffs' content offerings and materials.

Witnesses regarding the burdens imposed by SB544.

Witnesses regarding Business Plaintiffs' access to age-verification services and use of any current access restrictions.

Witnesses identified in discovery by any party.

Any witnesses necessary for foundation, rebuttal, or impeachment.

Any witnesses identified by Plaintiffs.

Any expert witnesses disclosed by any party.

## IX. Substance of Any Insurance Coverage

Plaintiffs seek only injunctive and declaratory relief. Thus, no insurance agreement applies.

## X. Status of Settlement Discussions and Prospects for Compromise of the Case.

No settlement discussions have taken place. Defendant does not believe a resolution is likely through compromise.

## XI. Special Procedures

Defendant does not believe any special procedures are necessary or appropriate.

DATED this 16th day of January, 2025.

AUSTIN KNUDSEN
  *Montana Attorney General*

CHRISTIAN B. CORRIGAN
  *Solicitor General*

*/s/Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.
  *Deputy Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
christian.corrigan@mt.gov
peter.torstensen@mt.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: January 16, 2025             /s/ *Peter M. Torstensen, Jr.*
                                                   PETER M. TORSTENSEN, JR.