AUSTIN KNUDSEN
  *Montana Attorney General*
CHRISTIAN B. CORRIGAN
  *Solicitor General*
PETER M. TORSTENSEN, JR.
  *Deputy Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Attorneys for Defendant*

Natasha Prinzing Jones
Thomas J. Leonard
BOONE KARLBERG P.C.
201 West Main St., Suite 300
P.O. Box 9199
Missoula, MT 59807
Phone: (406) 543-6646
Fax: (406) 549-6804
npjones@boonekarlberg.com
tleonard@ boonekarlberg.com

Jeffrey Keith Sandman
WEBB DANIEL FREEDLANDER LLP
5208 Magazine St., Suite 364
New Orleans, LA 70115
Phone: (978) 886-0639
jeff.sandman@webbdaniel.law

D. Gill Sperlein
LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94102
Phone: (415) 404-6615
gill@sperleinlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC.; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; JFF PUBLICATIONS, LLC; ANNA LOUISE PETERSON; LYNSEY GRISWOLD ; PHE, INC.; AND CONVERGENCE HOLDINGS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana <br><br> *Defendant.* | Case No. 9:24-cv-00067-DWM <br><br> **JOINT DISCOVERY PLAN** |

Plaintiffs Free Speech Coalition, Inc., Deep Connection Technologies, Inc., JFF Publications, LLC, PHE, Inc., Convergence Holdings, Inc., Charyn Pfeuffer, Anna Louise Peterson, Lynsey Griswold ("Plaintiffs"), and Defendant Austin Knudsen, in his official capacity as Attorney General of the State of Montana ("Defendant"), through their respective counsel, conferred to discuss the matters listed in Rule 26(f) of the Federal Rules of Civil Procedure. With all counsel putting forth their best, good-faith efforts, the parties were able to agree on certain discovery matters

JOINT DISCOVERY PLAN | 1

but not others, given the parties' differing views on the proper scope and extent of discovery. The parties jointly submit the following proposals, with their differing positions noted where indicated.

## I. Initial Disclosures

The parties will serve their initial disclosures at or before the Court's scheduling conference on January 23rd, 2025.

## II. Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

### A. Subjects of Discovery

To expedite the process of securing a judgment on Plaintiffs' foundational claims—their facial First Amendment challenge to SB544 and claim that Section 230 preempts that law—without expending unnecessary judicial or litigation resources, Plaintiffs are prepared to voluntarily dismiss their due process claims and as-applied First Amendment challenge in exchange for a stipulation of non-enforcement by the Attorney General during the pendency of this case. As the Attorney General has agreed to this course of action, the parties propose a period of limited fact and expert discovery tailored to determining (i) the full scope of SB544's applications, (ii) the narrow tailoring of SB544, and (iii) the applicability

of Section 230's protections provided to Plaintiff JFF. The parties propose a roughly 120-day discovery calendar (proposed deadlines are listed below in Part C), with cross-motions for summary judgment and an expedited bench trial (if necessary) to follow after discovery.

In addition, the parties anticipate that the Supreme Court's decision in *Free Speech Coalition v. Paxton*, No. 23-1122 (U.S.) will be issued either during the proposed discovery schedule or briefing on the cross-motions for summary judgment, and that decision will likely bear decisively on the merits of Plaintiffs' First Amendment claim. With that in mind, the parties reserve the right to request supplemental briefing or other relief once the *Paxton* decision is issued.

### B. Subjects of Expert Discovery

The parties anticipate that there will be a need for experts to determine whether SB544 is the least restrictive means available to vindicate the State's compelling interest in safeguarding minors from exposure to online pornography. The areas of expert discovery will likely include the viability of existing age-verification protocols, the costs and burdens of employing those protocols, the efficacy of existing protocols, the availability of alternative methods like parental control software and their

relative efficacy, and the use of a VPN and Tor browsers (or other technology) to evade age-verification protocols and parental controls. The parties expect that fact discovery will likely clarify (and possibly narrow) the specific need for expert testimony.

**C. Discovery Deadlines**

| Event | Deadline |
|---|---|
| Joinder of Parties/Amended Pleadings | February 24, 2025 |
| Close of Fact Discovery | March 24, 2025 |
| Expert Disclosures | April 21, 2025 |
| Close of Discovery | May 26, 2025 |
| Summary Judgment Briefs | June 2, 2025 |
| Summary Judgment Response Briefs | June 23, 2025 |
| Summary Judgment Reply Briefs | July 3, 2025 |
| Trial Briefs (if necessary) | TBD |
| One-Day Bench Trial (if necessary) | TBD |

## III. Issues about disclosure, discovery, or preservation of electronically stored information.

The parties are not aware of any current issues regarding the disclosure or discovery of electronically stored information. The parties agree that electronically stored information is subject to the proportionality requirements of Fed. R. Civ. P. 26(b)(2)(C), to the same extent as other information.

## IV. Issues regarding claims of privilege or of protection as trial-preparation materials.

The parties are not aware of any current issues regarding claims of privilege or protection. If any such issues arise, the parties will meet and confer before bringing any such disputes to the Court.

## V. Changes or limitations on discovery.

At this time, the parties do not request any changes to the limits on discovery imposed by the Federal Rules of Civil Procedure or this Court's local rules. If a party wishes to request a change in the future, the parties will meet and confer before making a request to the Court.

## VI. Other orders the Court should issue.

At this time, the parties do not anticipate the need for any orders under Rule 26(c) or under Rule 16(b) and (c), other than the Court's standard orders.

DATED this 16th day of January, 2025.

AUSTIN KNUDSEN
  *Montana Attorney General*
CHRISTIAN B. CORRIGAN
  *Solicitor General*

*/s/Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.
  *Deputy Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
peter.torstensen@mt.gov

BOONE KARLBERG P.C.

*/s/Natasha Prinzing Jones*
NATASHA PRINZING JONES
THOMAS J. LEONARD
201 West Main St., Suite 300
P.O. Box 9199
Missoula, MT 59807
npjones@boonekarlberg.com
tleonard@ boonekarlberg.com

WEBB DANIEL FRIEDLANDER, LLP

*/s/Jeffrey Sandman*
JEFFREY SANDMAN
5208 Magazine St., Suite 364
New Orleans, LA 70115
jeff.sandman@webbdaniel.law

LAW OFFICE OF D. GILL SPERLEIN

*/s/D. Gill Sperlein*
D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94102
gill@sperleinlaw.com